**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT WINCHESTER**

| | | |
|---|---|---|
| MELISSA COCKBURN,<br><br>*Plaintiff*,<br><br>v.<br><br>NEW YORK LIFE INSURANCE COMPANY,<br><br>*Defendant*. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 4:26-cv-19<br><br>Judge Travis R. McDonough<br><br>Magistrate Judge Michael J. Dumitru |

---

**MEMORANDUM**

---

Before the Court is Defendant New York Life Insurance Company's motion for summary judgment (Doc. 14). Plaintiff did not respond to Defendant's motion. For the following reasons, the Court will **GRANT** Defendant's motion (*id.*) and **DISMISS** this action.

## I. BACKGROUND

On October 11, 2024, Glen Richard Cockburn ("Decedent") was diagnosed with acute congestive heart failure, acute pulmonary embolism, and acute cor pulmonale. (Doc. 14, at 3.) Tests additionally revealed he suffered from peripheral emboli and pleural effusions. (*Id.*; Doc. 14-1, at 7–12.)

On October 13, 2024, Decedent completed a life insurance application seeking a $150,000 policy from Defendant. (Doc. 14, at 2.) The application included a detailed questionnaire concerning Decedent's medical history. (*Id.*) For all the relevant questions, both generic and specific, concerning whether he had any recent medical care, diagnoses, or conditions, Decedent answered "No" or left the section blank. (*Id.*) The application requires an

applicant to certify that "[t]he information on this form is true and complete to the best of my knowledge and belief." (Doc. 14-1, at 6.) It also contains a warning that:

> False or incomplete answers may cause benefits to be denied within the first two years. . . . Any attempt to defraud [Defendant] may result in a loss of coverage. It is a crime to knowingly provide false, incomplete or misleading information to an insurance company for the purpose of defrauding the company. Penalties may include imprisonment, fines or a denial of insurance benefits.

(*Id.*) Decedent signed his name in acknowledgment. (*Id.*)

On or around October 15, 2024, Defendant approved Decedent's application and, on October 22, 2024, the policy became effective. (Doc. 14, at 3.) On or around November 1, 2025, Decedent died in a motor vehicle accident. (Doc. 1-1, at 3.) Plaintiff, Melissa Cockburn, was the wife of Decedent and is acting as executrix of the estate. (*Id.*)

On March 31, 2026, this action was removed from state court. (Doc. 1.) In her complaint, Plaintiff asserts that Defendant breached the terms of the life insurance policy by failing to pay benefits upon the death of Decedent. (Doc. 1-1.)

## II. STANDARD OF LAW

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Local Rule 7.1(a)(2) specifies that a plaintiff has twenty-one days to respond to a dispositive motion. Under Local Rule 7.2, a failure to respond may be deemed a "waiver of any opposition to the relief sought." But a court "cannot grant summary judgment in favor of a movant simply because the adverse party has not responded. The court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that he has discharged [his initial] burden." *Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 614 (6th Cir. 1998) (alteration in original) (quoting *Carver v. Bunch*, 946 F.2d 451, 454 (6th Cir. 1991)). In doing so, the court "may rely on the moving party's unrebutted recitation of the evidence, or

pertinent portions thereof, in reaching a conclusion that certain evidence and inferences from evidence demonstrate facts which are 'uncontroverted.'" *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 410 (6th Cir. 1992). So, despite Plaintiff not filing an opposition to Defendant's motion for summary judgment, the Court will examine the motion and the evidence that supports it to ensure that Defendant has met its burden.

## III. ANALYSIS

Under Tennessee law,[1] an insurer may avoid coverage under a policy of insurance or void the policy if the insured made a misrepresentation on the application for the policy that "increases the risk of loss."[2] Tenn. Code Ann. § 56-7-103. Under this statute, to avoid coverage, the insurer must prove: 1) "that the answers to the questions on the application were false"; and 2) "that the misrepresentation was material, which requires proving . . . that the false answers increased the risk of loss." *Howell v. Colonial Penn Ins. Co.*, 842 F.2d 821, 822 (6th Cir. 1987) (citing *Womack v. Blue Cross Blue Shield*, 593 S.W.2d 294, 295 (Tenn. 1980)). While the truthfulness or falsity of a statement is a question of fact, whether false answers increased the risk of loss is a matter of law. *Id.* at 823 (citing *Womack*, 593 S.W.2d at 296).

### A. Falsity

"While the issue of whether an insured's representations on an application are true or untrue is normally a question of fact, a court may decide the issue where 'minds of reasonable men could reach only one conclusion as to their truth or falsity.'" *U.S. Specialty Ins. Co. v.*

[1] "In a diversity action involving an insurance contract, a federal court applies the substantive law of the forum state." *Talley v. State Farm Fire & Cas. Co.*, 223 F.3d 323, 326 (6th Cir. 2000) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938); *Equitable Life Assur. Soc. of U.S. v. Poe*, 143 F.3d 1013, 1016 (6th Cir. 1998)).

[2] Tennessee Code Annotated § 56-7-103 also provides that an insurer may avoid coverage where a misrepresentation was "made with the intent to deceive . . . ." Defendant reserves this issue and does not argue it here. (*See* Doc. 14, at 6 n.1.)

*Payne*, 387 F. Supp. 3d 853, 861 (E.D. Tenn. 2017) (citing *New Hampshire Ins. Co. v. Blackjack Cove, LLC*, No. 3:10-cv-607, 2014 WL 1270984, at *6 (M.D. Tenn. Mar. 26, 2014) (internal quotations and citations omitted)).

Here, Decedent's statements in the application for the Policy were false. Decedent attested that he had no recent medical tests, treatments, or diagnoses. (Doc. 14 at 2.) However, Decedent's medical records reveal that, just two days earlier, he was diagnosed with multiple serious conditions and had extensive medical testing. (*See* Doc. 14, at 3; Doc. 14-1, at 7–12.) This objectively constitutes material omission of information that was specifically and unambiguously requested in the application.

**B. Increase of Loss**

"A misrepresentation in an application for insurance increases the insurance company's risk of loss if it naturally and reasonably influences the judgment of the insurer in making the contract." *Smith v. Tenn. Farmers Life Reassurance Co.*, 210 S.W.3d 584, 590 (Tenn. Ct. App. 2006). The misrepresentation "need not involve a hazard that actually produced the loss in question. *Id.* (citing *Loyd v. Farmers Mut. Fire Ins. Co.*, 838 S.W.2d 542, 545 (Tenn. Ct. App. 1992)); *see also McPherson v. Fortis Ins. Co.*, No. M2003-00485-COA-R3CV, 2004 WL 1123529 at *5 (Tenn. Ct. App. Jan. 12, 2004). So long as the Court determines the misrepresentation increases the risk of loss, "the policy is voidable under [Tennessee Code Annotated § 56-7-103] even if the misrepresentation was innocently made." *Howell*, 842 F.2d at 822–23.

"The courts may use the questions an insurance company asks on its application to determine the types of conditions or circumstances that the insurance company considers relevant to its risk of loss." *Smith*, 210S.W.3d at 590. "Generally stated, the insured has the duty

to make a fair disclosure of all information material to the risk involved." *First Tenn. Bank Nat. Ass'n v. U.S. Fid. & Guar. Co.*, 829 S.W.2d 144, 147 (Tenn. Ct. App. 1991). "The utmost good faith, without concealment, is required among the parties for a valid insurance contract to exist." *U.S. Specialty Ins. Co. v. Est. of Yarbrough*, No. 1:18-CV-85, 2019 WL 1490425, at *4 (E.D. Tenn. Apr. 4, 2019). "[A] showing that the insurer was denied information that it, in good faith, sought and deemed necessary to an honest appraisal of insurability is sufficient to establish the ground for an increased risk of loss." *Smith*, 210 S.W.3d at 590.

In this case, the misrepresentations were material because an applicant's medical history naturally and reasonably has a high degree of influence over whether a life insurance company will extend coverage and will dictate the cost of that coverage so to balance the risk of loss. Life insurance policies are necessarily contingent upon the details of a particular individual's medical history and condition. The entire business of life insurance revolves around assessing and managing risk. Decedent's omissions of his medical conditions materially increased the risk of loss to Defendant because it was not able to fairly assess the risk it was accepting and use that to tailor a policy to Decedent or decide whether to issue a policy at all. *See Wear v. Transamerica Life Ins. Co.*, No. 3:06-CV-244, 2007 WL 3238867 at *9 (E.D. Tenn. Nov. 1, 2007).

Decedent's diagnoses were serious and materially increased the likelihood that a near-term payout would occur. (Doc. 14, at 3–4.) Defendant avers that, had it known Decedent's true medical history and condition, it would have investigated further and not have issued the Policy. (*Id*. at 3.) Under Defendant's underwriting guidelines, several of Decedent's conditions would have disqualified him from coverage. (*Id.* at 3–4.) Thus, Defendant may properly void coverage under Tennessee Code Annotated § 56-7-103.

In addition, provisions of the Policy allow Defendant to avoid coverage. The Policy provides that it may be cancelled by Defendant if it was obtained by "[f]alse or incomplete answers" and provides for a two-year lookback period. (Doc. 14 at 3; Doc. 14-1, at 6.) Because the Policy was obtained by Decedent through a material misrepresentation, Defendant may cancel the Policy and deny coverage.

Accordingly, Defendant is entitled to summary judgment that: (1) Plaintiff made material misrepresentations as to his medical condition and history in his application for the Policy; and (2) Defendant is entitled to rescind the policy and is not obligated to pay Plaintiff's insurance claim.

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment (Doc. 14) will be **GRANTED**.

**AN APPROPRIATE JUDGMENT WILL ENTER.**

**/s/ *Travis R. McDonough***
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**